UNITED STATES of America,
Appellee,

v.

**Jose De Jesus RODRIGUEZ,**
Defendant–Appellant.

No. 04–0075–CR.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2004.

Jorge Dejesus Guttlein, Aranda & Guttlein, New York, New York, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (Peter G. Neiman, Assistant United States Attorney, on the brief), for David N. Kelley, United States Attorney for the Southern District of New York.

Present: HVAN GRAAFEILAND, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant-appellant Jose De Jesus Rodriguez appeals from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), convicting him, following a guilty plea, of participating in a conspiracy to distribute and to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(b)(1)(B), 846, and of distributing and possessing with

intent to distribute approximately 100 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(C), and sentencing him to a term of 37 months' imprisonment to be followed by four years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Rodriguez argues that the district court erred in finding that he was reasonably capable of producing one kilogram of cocaine and in sentencing him on this basis. *See* U.S.S.G. § 2D1.1, cmt. n. 12 (2003); *see also United States v. Dallas,* 229 F.3d 105, 109 (2d Cir.2000). Considering Rodriguez's particularized descriptions of the kilogram of cocaine available for sale, his delivery of 100 grams of cocaine to the confidential informant, and his request that the confidential informant join him in a nearby basement apartment to complete the transaction for the remaining 900 grams, we conclude that the district court did not clearly err in finding that Rodriguez was reasonably capable of providing the agreed-upon amount. Although Rodriguez stated in his proffer session that he did not know for sure whether or not his source, Augustin, would ultimately make good on the remaining 900 grams of cocaine, there is no evidence in the record that Augustin could not in fact deliver the agreed-upon amount or that Rodriguez reasonably believed that Augustin would not provide the remaining quantity.

According, we AFFIRM the judgment of the district court. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, —— U.S.——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654, 2004 U.S. LEXIS 4788 (Aug. 2, 2004) and *United States v. Fanfan,* No. 04–105, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655, 2004 U.S. LEXIS 4789 (Aug. 2, 2004). Should any party believe there is

a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address Rodriguez's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*